CONFESSION OF ERROR
 

 LAGOA, Judge.
 

 United Automobile Insurance Company (“United”) petitions this Court for a second-tier writ of certiorari quashing the circuit court appellate division’s order dismissing United’s certiorari petition for lack of jurisdiction. In the petition before the appellate division, United sought relief from the county court’s order compelling its medical expert witness to produce a list of IME and peer review reports that he prepared within the last three years as well as financial information pertaining to his earnings from United or third party vendors.
 

 Based on the authority of
 
 Buck v. Chin,
 
 19 So.3d 1132 (Fla. 3d DCA 2009), and the respondent’s proper confession of error, we grant the petition for writ of certiorari and quash the order of the circuit court appellate division. In
 
 Buck,
 
 19 So.3d at 1134, this Court granted certiorari review of a similar discovery order and held:
 

 Beyond [the] limits [set forth in Florida Rule of Civil Procedure 1.280(b)(4)(A)(iii) ], production by an expert witness of financial and business records may be compelled “only under the most unusual or compelling circumstances” ordinarily only “[w]hen it is disclosed or made apparent to the trial court that [the expert] witness has falsified, misrepresented, or obfuscated the required data.”
 

 Id.
 
 at 1134 (quoting
 
 Elkins v. Syken,
 
 672 So.2d 517, 521 (Fla.1996)) (citation omitted).
 
 [1]
 
 Here, it is undisputed that the rec
 
 *214
 
 ord contains no such compelling circumstances to support the discovery ordered by the court below. Accordingly, we grant the petition, quash the dismissal and remand the cause to the appellate division for further consistent proceedings.
 

 Petition granted; order quashed.
 

 [1]
 

 . Rule 1.280(b)(4)(A)(iii) states as follows:
 

 A party may obtain the following discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial:
 

 
 *214
 
 1. The scope of employment in the pending case and the compensation for such service.
 

 2. The expert’s general litigation experience, including the percentage of work performed for plaintiffs and defendants.
 

 3. The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial.
 

 4. An approximation of the portion of the expert’s involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; however, the expert shall not be required to disclose his or her earnings as an expert witness or income derived from other services.
 

 An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions pursuant to subdivision (b)(4)(C) of this rule concerning fees and expenses as the court may deem appropriate.